UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MANUEL ALI GRIFFIN,

                              Plaintiff,                        03 CV 1900 (NG)(LB)
                                                                                    ORDER

    -against-

NATHANIEL MORGAN and THEODORE
JACKSON,

                              Defendants.
------------------------------------------------------------------x
GERSHON, United States District Judge:

       Plaintiff, Manuel Ali Griffin, proceeding *pro se*, brings this civil rights action for damages pursuant to 42 U.S.C. § 1983, against defendants, Nathaniel Morgan ("Morgan") and Theodore Jackson ("Jackson"). Morgan, who is plaintiff's parole officer, provided testimony at an October 29, 2002 preliminary parole revocation hearing, which plaintiff alleges was false and/or perjured. Jackson served as the hearing officer at that hearing, where he ultimately found that, based on Morgan's testimony, there existed probable cause that plaintiff violated the terms of his parole. Reading *pro se* plaintiff's complaint liberally, plaintiff appears to be claiming damages resulting from Jackson's use of hearsay testimony in making his determination that plaintiff waived his right to be present and Morgan's allegedly false testimony at the preliminary revocation hearing. Defendants have moved to dismiss all of plaintiff's claims. For the reasons discussed below, defendants' motion is granted.

## BACKGROUND

       In January of 1995, plaintiff was convicted of First Degree Robbery in the Supreme Court, Kings County, and sentenced to six to twelve years' imprisonment. He was released to parole supervision on February 26, 2001. However, he subsequently violated parole in April of 2001 and was re-incarcerated. Following his release in December of 2001 from incarceration on

that violation, plaintiff failed to make his required report to Morgan on January 14, 2002. Thereafter, a warrant was issued to retake plaintiff into custody. On October 18, 2002, plaintiff was arrested on an unrelated charge, and on October 21, 2002, he was served with a copy of a Notice of Violation and Violation Release report and advised of his rights regarding the preliminary hearing, scheduled on October 29, and the final parole revocation hearing, scheduled on November 29, 2002. Plaintiff failed to appear at the scheduled October 29, 2002 preliminary hearing.

At the hearing, Morgan provided an "Undelivered Defendant" form, dated October 29, 2002, signed by plaintiff, which stated that plaintiff did not waive his right to the hearing, but that he was unable to appear due to illness. Morgan informed Jackson that he had independently contacted the medical clinic and been told by the prison doctor that plaintiff "was not seen by the clinic and was able to appear and has not." Based on this information, Jackson concluded that plaintiff voluntarily, knowingly and intelligently waived his right to appear at the preliminary hearing and continued the hearing without plaintiff. After further testimony from Morgan regarding plaintiff's failure to report on January 14, 2002, and his October 18, 2002 arrest on the unrelated charges, Jackson concluded that probable cause existed to find that plaintiff violated his parole by failing to report to his parole officer and ordered plaintiff to be held for a final revocation hearing. Plaintiff's final revocation hearing was adjourned several times, with the final known date set at June 23, 2003. It is unclear to this court whether the final revocation hearing occurred.

On March 21, 2003, the Honorable Albert Tomei, J.S.C., ordered that plaintiff be released because, under state law, Jackson had improperly relied on hearsay to determine that plaintiff had waived his right to be present.

## DISCUSSION

Plaintiff relies on the state court's decision as the basis for the claim that his constitutional due process rights were violated by the use of hearsay testimony at his preliminary parole revocation hearing. But, whatever the state law regarding the use of hearsay at such hearings may be, there is no federally recognized deprivation of a constitutional right from the use of hearsay testimony for a determination of probable cause. Moreover, here, the hearsay—a parole officer's testimony regarding statements made to him by a prison doctor regarding plaintiff's whereabouts—was used only to inform the hearing officer of the plaintiff's "voluntariness" in failing to appear at a preliminary parole revocation hearing, and not for determining that probable cause existed for plaintiff's failure to report on January 14, 2002 to his parole officer. That determination was made based on Morgan's testimony that plaintiff failed to appear at his office on the specified date; that, upon contacting plaintiff's last known residence, Morgan was informed that plaintiff had moved to an unknown location; and finally, that plaintiff had been arrested on unrelated charges several months later. Plaintiff has offered no facts indicating that the information provided by Morgan was false, other than to conclusorily state that the testimony was false and/or perjured.

At a minimum, Morgan is protected by qualified immunity. Parole officers are protected by qualified immunity where their "conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." *See Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 276 (2d Cir. 1996).

Jackson, in his capacity as a hearing officer duly appointed by the New York State Board of Parole, is entitled to absolute immunity. *See Montero v. Travis*, 171 F. 3d 757, 761 (2d Cir. 1999)

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss all of plaintiff's claims is granted. The Clerk of Court is directed to close this case.

                          **SO ORDERED.**

                        */s/ Nina Gershon*
                        **NINA GERSHON**
                        **United States District Judge**

**Dated:**    **March 2, 2006**
            **Brooklyn, New York**